FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 12, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LORA C.,[1] | No. 2:20-cv-00428-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | **ECF Nos. 19, 20** |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 19, 20. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 19, and denies Defendant's motion, ECF No. 20.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1

## JURISDICTION

2    The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

3    1383(c)(3).

4

## STANDARD OF REVIEW

5    A district court's review of a final decision of the Commissioner of Social

6    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

7    limited; the Commissioner's decision will be disturbed "only if it is not supported

8    by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

9    1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

10    reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

11    (quotation and citation omitted).  Stated differently, substantial evidence equates to

12    "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

13    citation omitted).  In determining whether the standard has been satisfied, a

14    reviewing court must consider the entire record as a whole rather than searching

15    for supporting evidence in isolation.  *Id.*

16    In reviewing a denial of benefits, a district court may not substitute its

17    judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

18    1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

19    rational interpretation, [the court] must uphold the ALJ's findings if they are

20    supported by inferences reasonably drawn from the record."  *Molina v. Astrue,* 674

ORDER - 2

F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

ORDER - 3

404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

ORDER - 4

1   If the severity of the claimant's impairment does not meet or exceed the

2   severity of the enumerated impairments, the Commissioner must pause to assess

3   the claimant's "residual functional capacity."  Residual functional capacity (RFC),

4   defined generally as the claimant's ability to perform physical and mental work

5   activities on a sustained basis despite his or her limitations, 20 C.F.R. §§

6   404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the

7   analysis.

8   At step four, the Commissioner considers whether, in view of the claimant's

9   RFC, the claimant is capable of performing work that he or she has performed in

10  the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

11  If the claimant is capable of performing past relevant work, the Commissioner

12  must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

13  If the claimant is incapable of performing such work, the analysis proceeds to step

14  five.

15  At step five, the Commissioner considers whether, in view of the claimant's

16  RFC, the claimant is capable of performing other work in the national economy.

17  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination,

18  the Commissioner must also consider vocational factors such as the claimant's age,

19  education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

20  416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

ORDER - 5

1   Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

2   404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

3   work, the analysis concludes with a finding that the claimant is disabled and is

4   therefore entitled to benefits.  *Id.*

5       The claimant bears the burden of proof at steps one through four above.

6   *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

7   step five, the burden shifts to the Commissioner to establish that 1) the claimant is

8   capable of performing other work; and 2) such work "exists in significant numbers

9   in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

10  *Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

11                          **ALJ'S FINDINGS**

12      On February 23, 2017, Plaintiff applied for Title II disability insurance

13  benefits.  Tr. 17, 90, 251-57.  On September 30, 2017, Plaintiff applied for Title

14  XVI supplemental security income benefits.  Tr. 17, 91, 258-66.  The applications

15  were denied initially and on reconsideration.  Tr. 150-53, 155-60.  Plaintiff

16  appeared before an administrative law judge (ALJ) on December 5, 2019.  Tr. 34-

17  64.  On January 22, 2020, the ALJ denied Plaintiff's claim.  Tr. 14-33.

18      At step one of the sequential evaluation process, the ALJ found Plaintiff,

19  who met the insured status requirements through December 31, 2018, has not

20  engaged in substantial gainful activity since May 15, 2015.  Tr. 19.  At step two,

ORDER - 6

the ALJ found that Plaintiff has the following severe impairments: lumbar degenerative disc disease, status post three surgeries; obesity; and hypothyroidism. *Id*.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20. The ALJ then concluded that Plaintiff has the RFC to perform sedentary work with the following limitations:

> [S]he can lift and carry ten pounds occasionally and can stand and walk two hours out of an eight[-]hour workday and can sit for up to eight hours with normal breaks. She must be allowed the option to change from a standing position to a sitting position, or vice-versa every thirty minutes or so for a period of five minutes or so, while remaining at the workstation. She should not push and pull and should not operate foot controls with the left leg. She cannot climb ladders, ropes, and scaffolds, and can occasionally climb ramps and stairs. [Plaintiff] needs to use a walker for prolonged ambulation or standing. She can occasionally stoop, and never crouch, kneel and crawl. [Plaintiff] should not have any exposure to moving or dangerous machinery or unprotected heights. Due to the use of medication, she can work in jobs where concentration is not critical, with "critical" defined as careful, exact evaluation and judgment.

Tr. 20-21.

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work. Tr. 24. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as document preparer, hand packager/addresser, and

ORDER - 7

stuffer.  Tr. 25.  Therefore, the ALJ concluded Plaintiff was not under a disability,

as defined in the Social Security Act, from the alleged onset date of May 15, 2015,

through the date of the decision.  *Id.*

On September 17, 2020, the Appeals Council denied review of the ALJ's

decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for

purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

her disability insurance benefits under Title II and supplemental security income

benefits under Title XVI of the Social Security Act.  Plaintiff raises the following

issues for review:

1.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

2.  Whether the ALJ properly evaluated the medical opinion evidence; and

3.  Whether the ALJ conducted a proper step-five analysis.

ECF No. 19 at 6.

## DISCUSSION

### A. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and

convincing in discrediting her symptom claims.  ECF No. 19 at 16-20.  An ALJ

engages in a two-step analysis to determine whether to discount a claimant's

ORDER - 8

testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.

"First, the ALJ must determine whether there is objective medical evidence of an

underlying impairment which could reasonably be expected to produce the pain or

other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

"The claimant is not required to show that [the claimant's] impairment could

reasonably be expected to cause the severity of the symptom [the claimant] has

alleged; [the claimant] need only show that it could reasonably have caused some

degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

omitted).  General findings are insufficient; rather, the ALJ must identify what

symptom claims are being discounted and what evidence undermines these claims.

*Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v.

Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

explain why it discounted claimant's symptom claims)).  "The clear and

convincing [evidence] standard is the most demanding required in Social Security

cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.

Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

ORDER - 9

1    Factors to be considered in evaluating the intensity, persistence, and limiting

2    effects of a claimant's symptoms include: 1) daily activities; 2) the location,

3    duration, frequency, and intensity of pain or other symptoms; 3) factors that

4    precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

5    side effects of any medication an individual takes or has taken to alleviate pain or

6    other symptoms; 5) treatment, other than medication, an individual receives or has

7    received for relief of pain or other symptoms; 6) any measures other than treatment

8    an individual uses or has used to relieve pain or other symptoms; and 7) any other

9    factors concerning an individual's functional limitations and restrictions due to

10    pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

11    404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

12    an individual's record," to "determine how symptoms limit ability to perform

13    work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

14    The ALJ found that Plaintiff's medically determinable impairments could

15    reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

16    statements concerning the intensity, persistence, and limiting effects of her

17    symptoms were not entirely consistent with the evidence.  Tr. 22.

18    *1. Improvement with Treatment*

19    The ALJ found Plaintiff's symptom claims were inconsistent with Plaintiff's

20    improvement with treatment.  Tr. 23.  The effectiveness of treatment is a relevant

factor in determining the severity of a claimant's symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (2011); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

The ALJ found Plaintiff's symptoms improved with treatment.  Tr. 21-22.  The ALJ noted that Plaintiff had a surgery in August 2014, however she developed further issues and required another surgery in May 2015, but she did not have improvement after the 2015 surgery.  Tr. 21 (citing Tr. 416, 420).  In February 2016, Plaintiff had another surgery, and has continued to treat her pain with medication.  Tr. 21-22 (citing Tr. 459, 783).  In January 2018, Plaintiff was taking gabapentin, cyclobenzaprine, and meloxicam daily, and tramadol two to three times per day for worsening of back pain.  Tr. 783.  The ALJ noted that Plaintiff has only been seen for pain exacerbations once per year since the third surgery.  Tr. 22 (citing Tr. 818, 1629, 2016).  The ALJ also noted Plaintiff continued to use a walker and cane at multiple appointments.  Tr. 22.  Plaintiff continued to have decreased range of motion and sensation in her left lower extremity, and tenderness, has had an abnormal gait, and positive straight leg raise test.  *Id.* (citing

Tr. 419, 543, 547, 758-59, 819).  However, the ALJ noted Plaintiff had a normal gait, strength, and range of motion at multiple appointments, with no tenderness or pain, and negative straight leg raise tests.  Tr. 23 (citing, e.g., Tr. 419, 458, 543-44, 548).  The ALJ found that Plaintiff reported her pain was well-controlled with medication, Tr. 22-23 (citing Tr. 458, 1813).

While the ALJ cites to appointments where Plaintiff had some normal physical examination findings and reported her pain was well-controlled with medication, the ALJ's overall assessment finding Plaintiff had continuous improvement with treatment is not supported by substantial evidence.  At the January 2016 visit, Plaintiff was seen for a pre-operative visit; while Plaintiff had no tenderness, and normal range of motion and reflexes, she had a "significant forward bend and sagittal imbalance," and imaging documented "clearly unstable pseudoarthrosis," with "loose instrumentation," and her fusion surgery was labeled as a failed surgery, requiring a second surgery.  Tr. 416-20.  At the May 2019 visit, Plaintiff reported she can walk "short distances with a cane," and her pain is "more or less controlled with tramadol" but "[l]ately she took extra dose of tramadol for worsening of back pain."  Tr. 1813.  The ALJ also cites to a February 2016 visit when Plaintiff reported her pain was controlled with medication, however the visit was for post-surgical physical therapy, and Plaintiff was using a four-wheeled

walker for functional activities.  Tr. 458.  In October 2019, Plaintiff requested

Medrol for another back pain flare up.  Tr. 2015.

The ALJ also repeatedly noted Plaintiff's need for a cane.  Tr. 21-23.  The

RFC includes the Plaintiff's need to "use a walker for prolonged ambulation or

standing."  Tr. 20-21.  However, the ALJ failed to include the use of a cane in the

RFC, thus rejecting Plaintiff's allegation that she needs a cane without any

explanation.  *Id.*  The ALJ noted that even with improvement after surgery,

Plaintiff continued to use a cane.  Tr. 21-23.  The ALJ also acknowledged the State

agency consultants opined Plaintiff needs a cane for all ambulation.  Tr. 23, 73, 85.

The ALJ also gave no reason to reject the State agency opinions that Plaintiff

requires a cane for all ambulation.  Tr. 23.

The ALJ's finding that Plaintiff's allegations are inconsistent with her

improvement with treatment is not supported by substantial evidence.

*2.  Activities of Daily Living*

The ALJ found Plaintiff's symptom claims were inconsistent with her

activities of daily living.  Tr. 23.  The ALJ may consider a claimant's activities that

undermine reported symptoms.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir.

2001.  If a claimant can spend a substantial part of the day engaged in pursuits

involving the performance of exertional or non-exertional functions, the ALJ may

find these activities inconsistent with the reported disabling symptoms.  *Fair v.*

*Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

Plaintiff reported being independent in her activities of daily living, including being able to walk her dog, drive, complete housework, and sit through long flights. Tr. 23 (citing Tr. 546, 1813, 1904, 1972). In July 2016, five and a half months after surgery, Plaintiff reported walking her dog with a cane, and using a brace when she does housework or drives. Tr. 546. In May 2019, Plaintiff reported walking short distances with a cane, and reported being ambulatory with the help of pain medication; the medical record does not contain any further discussion of activities of daily living. Tr. 1813. In July 2019, Plaintiff reported she remained active and independent in her activities of daily living, but there is no discussion of what the activities are or how she performs them. Tr. 1904. In August 2019, Plaintiff reported flying to Nevada, but there is no discussion about her trip, such as the length of the flight. Tr. 1972.

Plaintiff has reported an inability to stand, walk, and sit for prolonged periods of time, a need to lay down to rest between activities, and having waxing

and waning symptoms that cause "good days" and bad days.  Tr. 320-21.  While

the ALJ cited to Plaintiff's reports that she is independent in her daily activities,

Plaintiff has reported preparing frozen meals and drinking Ensure as her form of

preparing meals, receiving help with household chores, shopping for small

groceries and the adult diapers that she must wear due to nerve issues, being able

to walk for a "few minutes" before needing to rest, and using a cane daily and a

rolling walker as needed.  Tr. 321-25.  The ALJ's limited discussion of Plaintiff's

activities and minimal citations do not set forth an analysis as to how Plaintiff's

activities are inconsistent with her allegations.  For example, a single occasion of

flying, without any further information about the duration of the flight nor

Plaintiff's need to move, or recline during the flight, does not demonstrate an

inconsistency with Plaintiff's inability to sustain an eight-hour workday that

requires she sit, stand, and/or walk for longer than short distances or 20 minutes at

a time.  The ALJ's finding that Plaintiff's symptom claims are inconsistent with

her activities of daily living is not supported by substantial evidence.

> 3. *Inconsistent Objective Medical Evidence*

The ALJ found Plaintiff's symptom claims were inconsistent with the

objective medical evidence.  Tr. 21-23.  An ALJ may not discredit a claimant's

symptom testimony and deny benefits solely because the degree of the symptoms

alleged is not supported by objective medical evidence.  *Rollins*, 261 F.3d at 857;

1    *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair*, 885 F.2d at 601;

2    *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 1995).  However, the objective

3    medical evidence is a relevant factor, along with the medical source's information

4    about the claimant's pain or other symptoms, in determining the severity of a

5    claimant's symptoms and their disabling effects.  *Rollins*, 261 F.3d at 857; 20

6    C.F.R. §§ 404.1529(c)(2), 416.929(c)(2).

7         As the other two reasons the ALJ gave to reject Plaintiff's symptom claims

8    are not supported by substantial evidence, the ALJ erred in rejecting Plaintiff's

9    symptom claims as inconsistent with the objective medical evidence.  On remand,

10   the ALJ is instructed to reconsider Plaintiff's symptom claims, and incorporate

11   Plaintiff's claims into the RFC, or give clear and convincing reasons, supported by

12   substantial evidence, to reject her claims.

13   **B. Medical Opinion Evidence**

14        Plaintiff contends the ALJ erred in his consideration of the opinions of John

15   Forest, M.D.; Sanjit Dutta, M.D.; and Pamela Corson, M.D.  ECF No. 19 at 8-16.

16        There are three types of physicians: "(1) those who treat the claimant

17   (treating physicians); (2) those who examine but do not treat the claimant

18   (examining physicians); and (3) those who neither examine nor treat the claimant

19   [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

20   *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

As the case is being remanded for the ALJ to reconsider Plaintiff's symptom claims, the ALJ is also instructed to reconsider the medical opinion evidence. The ALJ is instructed to consider whether the statements of Dr. Dutta, Tr. 1733, and Dr. Forest, Tr. 812, amount to opinions. If the ALJ finds the statements are opinions, the ALJ is instructed to incorporate the limitations into the RFC or give specific and legitimate reasons, supported by substantial evidence, to reject the opinions. As discussed *supra,* the ALJ also did not incorporate the State agency opinions that Plaintiff requires the use of a cane for all ambulation into the RFC. The ALJ is also instructed to incorporate the opinions into the RFC or give reasons supported by substantial evidence to reject the opinions.

**C. Step Five**

Plaintiff contends the ALJ erred at step five by relying on vocational expert testimony given in response to an incomplete hypothetical. ECF No. 19 at 20. "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Id*. However, the ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

ORDER - 18

As the case is being remanded for the ALJ to reconsider Plaintiff's symptom claims and the medical opinion evidence, the ALJ is also instructed to perform the five-step analysis anew, including making a new step-five determination.

**D. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits. ECF No. 19 at 10, 20.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed

1    to provide legally sufficient reasons for rejecting evidence, whether claimant

2    testimony or medical opinion; and (3) if the improperly discredited evidence were

3    credited as true, the ALJ would be required to find the claimant disabled on

4    remand, the Court will remand for an award of benefits.  *Revels v. Berryhill*, 874

5    F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied,

6    the Court will not remand for immediate payment of benefits if "the record as a

7    whole creates serious doubt that a claimant is, in fact, disabled."  *Garrison*, 759

8    F.3d at 1021.

9        The Court finds further proceedings are necessary.  While Plaintiff argues

10    Dr. Forest and Dr. Dutta's opinions should be credited as true, the provider's

11    statements are not clearly opinions; the ALJ must first determine if the statements

12    are opinions and address the statements accordingly.  While Plaintiff also argues

13    Dr. Corson's opinion and Plaintiff's symptom claims should be credited as true,

14    the Court finds there are conflicts in the record requiring resolution.  The ALJ

15    identified multiple records in which Plaintiff had a normal gait, and multiple other

16    normal objective findings that were inconsistent with Dr. Corson's opinion and

17    Plaintiff's claims.  There are references to Plaintiff being able to "walk around

18    without any difficulties," Tr. 1629, and having a normal gait, without mention of

19    an assistive device, Tr. 1632, 1648, 1908.  Thus, the case is remanded for further

20    proceedings consistent with this Order.

ORDER - 20

# CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED August 12, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 21